MULIAS v. CITY OF TRENTON

1. ZONING—TRAILER PARKS—PUBLIC HEALTH, WELFARE, MORALITY.
   A writ of mandamus compelling defendant city to issue building permits for a trailer park was supported by the record where the plaintiffs' application complied with state law and the city's zoning ordinance and the refusal to issue the permits seems to have been based on the small amount of revenues to the city that the trailer park would produce, the desirability of an industrial corridor in the area, and the belief that the furnishing of school facilities to the trailer park might be difficult, because these reasons do not show the substantial relationship to the public welfare, health, safety, or morals necessary to invoke the police power.

2. CONSTITUTIONAL LAW—CONSTITUTIONAL ISSUES—COURTS' DECISIONS—POLICY—JUDICIAL POLICY.
   Judicial policy favors decisions on grounds other than constitutional grounds.

Appeal from Wayne, Charles S. Farmer, J. Submitted Division 1 February 2, 1971, at Detroit. Decided March 23, 1971. Leave to appeal denied May 25, 1971, 384 Mich 843.

Complaint by Sadie Mulias and Stanley Ellias against the City of Trenton for mandamus compelling the issuance of building permits for a trailer

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Zoning § 63.
[2] 16 Am Jur 2d, Constitutional Law § 531 et seq.

park.   Writ   granted.   Defendant   appeals.   Affirmed.

*Dale D. Libby,* for plaintiffs.

*Raubolt, MacDonald & Smiertka* and *Ian Mac-Donald,* City Attorney, for defendant.

Before: LESINSKI, C. J., and R. B. BURNS and LEVIN, JJ.

R. B. BURNS, J.   This appeal is taken from the trial court's entry of a writ of mandamus against defendants compelling them to issue building permits to the plaintiffs.   The permits would enable plaintiffs to begin construction of a trailer park on their property.   By resolution the Trenton City Council denied plaintiffs' request for the permits.

The land in question measures approximately 1,260 feet in length by 80 to 400 feet in depth.   The property is bounded on the east by a 4-lane highway, on the west by railroad tracks with a Chrysler engineering plant abutting, on the north by a combined business and residential area, and on the south by scattered businesses.

The Trenton zoning ordinance, § 1708(1) reads:

"Subsection 1.   *Trailer Courts:* Trailer courts shall only be permitted in the following districts and under the conditions herein indicated, and subject further to the approval of the Council.

"(a) Within 'M–1' Districts wherein the trailer court area is not isolated or surrounded on more than three abutting sides by industry.

"(b) Along the 'M–1' District edge, and within the 'M–1' District, wherein such District abuts a Multiple-Family District.   Said Trailer area must then provide a twenty (20) foot greenbelt between

abutting 'R' District and the 'M-1' District in which trailer court is located, and must further provide for a twenty (20) foot greenbelt between itself and the abutting industry."

The plaintiffs' land is within a district zoned M-1 and they submitted a plan to the city council complying with the requirements of section 1708(1) of the zoning ordinance and the state law governing trailer parks. MCLA § 125.1001 *et seq.* (Stat Ann 1961 Rev § 5.278[31] *et seq.*).

Although the city council denied the permits by resolution the trial judge placed great emphasis on the contents of a letter from the planning commission to the mayor and city council. While the commission did not make any recommendations, the letter stated:

" * * * a mobile home site would violate the concept of sound and proper planning for the area.

"Predicated on the following reasons:

"1. Revenue returns to the city would be less for this type of development than for any other.

"2. Good planning for this area would be for an industrial corridor concept—which presently exists.

"3. Since this parcel is generally isolated from other residential developments by existing and planned industrial area, the servicing of the trailer coach units with school facilities may prove difficult."

The trial judge found:

"There is not sufficient or competent evidence to show that there is a real or substantial relationship to the general welfare, public safety, morals, or health, and to the proposed use of the land to constitute a reasonable and legitimate exercise of the police power of the City of Trenton."

In zoning cases great weight is given to the findings of fact made by the trial judge. *Biske* v. *City of Troy* (1969), 381 Mich 611.

The trial judge's decision that the action of the city council was arbitrary and unreasonable was based on his findings that the council's reasons for denying the permits were not supported by the facts. A review of the record supports the trial judge's findings.

Although the plaintiffs challenged the constitutionality of § 1708(1) of the zoning ordinance in their pleadings, the trial judge did not rule on its constitutionality. In view of the policy favoring decisions on grounds other than constitutional grounds, the trial judge was correct in not ruling on the constitutionality of the ordinance.

Affirmed. Costs to appellees.

All concurred.